Filed 8/16/19

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E069339 |
| v. | (Super.Ct.No. RIF121343) |
| JORGE A. MILLAN RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. Samuel Diaz, Jr., Judge. Reversed.

Conrad Petermann, Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Adrian R. Contreras and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On March 3, 2005, defendant and appellant Jorge A. Millian Rodriguez pled guilty to unlawful intercourse by a person over 21 under Penal Code[1] section 261.5, subdivision (d). Defendant, as a person over 21, admitted to having sex with a person under the age of 16. The trial court sentenced defendant to formal probation for 36 months.

On June 7, 2005, defendant was taken into custody by the Immigration and Naturalization Service pending resolution by an immigration judge whether defendant would be removed from the United States. That same year, defendant was ordered removed.

On November 6, 2007, defendant admitted to violating his probation. The trial court added 60 days to defendant's sentence, to be served on a work release program to commence on December 14, 2007, and reinstated defendant's probation. On September 10, 2008, defendant admitted a violation of a term of his probation requiring defendant to report to probation. The court then reinstated probation.

"On December 16, 2016, defendant filed a petition for dismissal under . . . section 1203.4, and a petition for a reduction of his felony conviction to a misdemeanor under . . . section 17, subdivision (b). As mitigation, defendant provided in his petition that he married the victim and had two children with her. Moreover, defendant noted that both violations of probation occurred because he was in the custody of Immigration and Customs Enforcement (ICE) and was deported so he was unable to meet his probation

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

officer or check in for his weekend custody obligation." (*People v. Rodriguez*, case No. E067686, p. 2).)  The trial court denied both of defendant's motions.  (*Ibid.*)

On January 30, 2017, defendant filed an appeal.  On June 14, 2017, we affirmed the trial court's order denying defendant's motions, "but without prejudice to defendant's right to file a motion for relief under newly-enacted . . . section 1473.7; effective January 1, 2017."  (*People v. Rodriguez*, *supra*, case No. E067686 at p. 7.)

On January 1, 2017, section 1473.7 went into effect.  Among other things, section 1473.7 permits a defendant to challenge a conviction based on a guilty plea where prejudicial error affected the defendant's ability to understand the immigration consequences of the plea.

On July 10, 2017, following the filing of our opinion in defendant's first appeal, defendant, in pro. per., filed a motion to vacate his conviction under section 1473.7.  On August 10, 2017, the trial court denied defendant's motion without defendant or defense counsel present.

On October 4, 2017, defendant filed a timely notice of appeal.  The next day, the trial court granted defendant's request for a certificate of probable cause.  On February 23, 2018, defendant filed a request for judicial notice of the record in case No. E067686. On March 20, 2018, we granted defendant's request for judicial notice.  On February 13, 2019, the People filed a request for leave to file a supplemental respondent's brief and a request for judicial notice.  On February 21, 2019, we granted the People's motions to file a supplemental brief and for judicial notice of the documents attached to the motion, and directed the clerk to file the People's supplemental respondent's brief.  We also ordered

3

that defendant may serve and file a supplemental reply brief.  On March 12, 2019,

defendant filed his supplemental reply brief.  On May 29, 2018, the People filed another

motion for judicial notice of "Senate Committee on Appropriations, Bill Analysis of

Assembly Bill 813 (2015-2016 Reg. Sess.) as of June 29, 2016," which the People

attached to its request.  On June 13, 2018, we reserved ruling on the request, to be

considered with the appeal.  We hereby grant the People's request for judicial notice

## DISCUSSION

A.     THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING

       DEFENDANT'S SECTION 1473.MOTION

Defendant contends that the trial court erred in denying his motion to vacate his

conviction under section 1473.7.  The People contend that the court's ruling should be

affirmed because defendant "failed to allege a prima facie case of timeliness."[2]  For the

reasons set forth *post*, we find that the trial court abused its discretion in denying

defendant's motion.

1.     *LEGAL BACKGROUND*

Section 1473.7 permits a defendant to move to vacate his conviction where

prejudicial error affected his ability to understand the immigration consequences of his

---

[2] In their respondent's brief, in addition to the timeliness argument, the People also argued that the order should be affirmed because "there is no cognizable claim of ineffective assistance of counsel because [defendant's] counsel had no affirmative obligation to advise him of the immigration consequences of his plea at the time that [the] plea was entered in 2005."  On March 15, 2019, however, the People filed a letter in this court withdrawing that argument.  The People, in withdrawing the argument, agree with defendant that defense counsel had an affirmative duty to advise defendant of adverse immigration consequences but failed to do so.

guilty plea.  As pertinent here, to prevail on this motion, the defendant must establish the following:  (1) the defendant is no longer imprisoned or restrained; and (2) the conviction is legally invalid due to a prejudicial error damaging the defendant's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a guilty plea.  (§ 1473.7, subd. (a).)  Moreover, the motion must be filed with "reasonable diligence" after either (1) the date the defendant receives a notice to appear in immigration court or other notice from immigration authorities that asserts the conviction or sentence as a basis for removal; or (2) the date the removal order against the defendant, based on the existence of the conviction or sentence, becomes final, whichever event occurs last.  (§ 1473.7, subd. (b).)

### 2.     *STANDARD OF REVIEW*

The People contend that we should review the court's order for an abuse of discretion, citing decisions involving section 1018 (See, e.g., *Ponte v. County of Calaveras* (2017) 14 Cal.App.5th 551, 555; *People v. Foss* (2007) 155 Cal.App.4th 113, 126; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 102).  Section 1018, however, does not implicate the defendant's constitutional rights.  Section 1018 permits a court to grant a defendant's application to withdraw a plea "for a good cause shown," such as the defendant's "[m]istake, ignorance or any other factor overcoming the exercise of free judgment."  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  When, however, a trial court's decision implies the rejection of a defendant's argument that he or she has been deprived of a constitutional right, such as the right to effective assistance of counsel, the issue is a mixed question of law and fact, which we determine independently.  (See, e.g.,

5

*In re Resendiz* (2001) 25 Cal.4th 230, 249, abrogated in part on other grounds in *Padilla v. Kentucky* (2010) 559 U.S. 356, 370; *People v. Ledesma* (1987) 43 Cal.3d 171, 210; see generally *People v. Ault* (2004) 33 Cal.4th 1250, 1264 [de novo review of mixed law and fact questions particularly favored when constitutional right is implicated].) Thus, in *People v. Taylor* (1984) 162 Cal.App.3d 720, the court noted that although the denial of a motion for new trial is ordinarily reviewed for abuse of discretion, when the motion is based upon the defendant's allegation that he was deprived of his constitutional right to the effective assistance of counsel, the appellate court will indulge all presumptions in favor of the trial court's express and implied factual findings, but retain " ' "the ultimate responsibility . . . to measure the facts, as found by the trier, against the constitutional standard . . . ." [Citation.] On that issue, in short, the appellate court exercises its independent judgment.' " (*Id.* at pp. 724-725.)

We acknowledge that the standard of review applicable to the denial of a section 1473.7 motion is unsettled, insofar as defendant claims a deprivation of the constitutional right to effective assistance of counsel. To the extent the motion asserts statutory error or a deprivation of statutory rights, the denial is reviewed for an abuse of discretion. (See *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 76.) However, to the extent the motion asserts ineffective assistance of counsel, there is a division among the appellate courts whether the denial is reviewed under the "abuse of discretion" standard or the less deferential standard applicable to " 'a mixed question of fact and law.' " (*Id.* at p. 76 [court of appeal applied de novo standard in reviewing trial court's order denying the defendant's motion to vacate conviction under section 1473.7].) The People argue that

6

"this court should decline to follow [*Ogunmowo*] because it was wrongly decided."

Recently, in *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975, we followed the standard

of review set forth in *Ogunmowo*. We need not determine the People's argument

because, as discussed further *post*, the trial court abused its discretion in denying

defendant's motion.

### 3. *THE MOTION WAS FILED ON A TIMELY BASIS*

As provided above, the People contend that defendant's "motion did not allege a

prima facie case regarding timeliness." We disagree.

In this case, at the hearing on defendant's motion, the trial court stated as follows:

"Calling the matter of People versus Rodriguez, RIF121343, appellate docket

E067686. The defendant is not present. The defendant is currently in detention by the

federal government on a detainer, ICE hold. The Court reviewed the defendant's motion

under . . . section 1473.7.

"The court also reviewed the appellate division in E067686 where the appellate

court advised the defendant, which was a very unusual thing for the Court of Appeals to

do, to file a motion in the trial court under . . . section 1473.7. The court is taking judicial

notice of the E067686, and also all of the records, including the Tahl Waiver, the

transcript of the sentencing, and this case, RIF121343.

"The only issue for this Court, the only issue, is whether or not this motion was

brought into the trial department on a timely basis. Defendant was convicted in this case

on March 3rd, 2005, and was arrested in written notification of ICE detention on June 7,

7

2005, at which time he requested a hearing before the immigration court to determine whether or not he is to remain in the United States.

"Later, in 2005, he was ordered removed from the United States of America. He admits that in his motion that his ICE detention and subsequent deportation was due to the conviction in this case. [S]ection 1473.7 is not an open-ended invitation to file motions to vacate based on immigration consequences advisement.

"The issue, basically, is—main issue is reasonable diligence. Did the defendant act reasonably and diligently in filing his motion? The Court indicates he did not. He was given actual notice of his immigration consequences when he was deported in 2005. He should have hired a lawyer in 2005, 2006, 2007 instead of coming back to the United States. Now he's once again in a detention facility ten years later. That's not reasonable. So the motion is denied."

In sum, the trial court denied defendant's motion because it found that defendant should have filed his motion in "2005, 2006, 2007." This reasoning by the trial court, even under the abuse of discretion standard of review, is erroneous because defendant could not have filed his motion in "2005, 2005, [or] 2007" because section 1437.7 did not become effective until January 1, 2017. In fact, we advised defendant that he could ask for relief under newly enacted section 1473.7 in our opinion filed on June 14, 2017. Defendant filed his motion on July 10, 2017—less than one month after we issued our opinion. The trial court, therefore, abused its discretion in denying defendant's motion based on the fact that defendant did not act reasonably and diligently because he should have filed his motion over 10 years prior to the enactment of section 1473.7.

8

On appeal, the People "acknowledge[] the superior court's reasoning on timeliness and diligence was partly erroneous." "In assessing reasonable diligence, the superior court could consider that it is reasonable not to have filed a motion when the statute that created the motion did not exist." Nevertheless, the People argue that we should affirm the trial court's order denying defendant's motion because defendant failed to "explain why he waited until July 10, 2017, to file his motion when section 1473.7 became effective several months earlier on January 1, 2017." The People, however, failed to address why this seven-month delay disqualified defendant from taking advantage of the newly-enacted statute. As noted above, defendant filed his motion weeks after we issued our opinion in defendant's previous appeal advising defendant that he now had a remedy under section 1473.7. In *People v. Ogunmowo*, *supra*, 23 Cal.App.5th 67, the defendant filed his section 1473.7 motion two months after the effective date of the statute. (*Ogunmowo*, at p. 75.) The appellate court found this satisfied that the motion was timely. (*Id.* at p. 81.) Here, we also fail to see how this short delay presented a "pleading deficiency," as argued by the People.

In sum, defendant was still in ICE detention and his removal proceedings were ongoing. Moreover, in our opinion filed on June 14, 2017, we advised defendant to file a petition under section 1473.7 in the trial court. Less than a month later, defendant filed his motion under section 1473.7. We find that defendant acted with "reasonable diligence" under the statute and the trial court abused its discretion in finding defendant did not act with reasonable diligence because he should have filed his motion over 10

9

years prior to the enactment of section 1473.7.[3]  The court, therefore, erred in denying

defendant's motion based on untimeliness.

    B.    <u>THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO HAVE</u>

        <u>COUNSEL PRESENT AT THE HEARING</u>[4]

Section 1473.7, subdivision (d), in effect at the time of the hearing on August 10,

2017, provided:  "All motions shall be entitled to a hearing.  At the request of the moving

party, the court may hold the hearing without the personal presence of the moving party *if*

*counsel for the moving party is present* and the court finds good cause as to why the

moving party cannot be present."  (Former § 1473.7, subd. (d), italics added.)

In this case, the trial court failed to comply with the requirements set forth under

former section 1473.7, subdivision (d).  When the trial court called the matter, defendant

was not present.  The court noted:  "The defendant is currently in detention by the federal

government on a detainer, ICE hold."  Moreover, the transcript from the hearing showed

that defendant was not represented by counsel at the hearing.  Therefore, when the court

ruled on the section 1473.3 motion, it did so without defendant's waiver of his right to be

present, or without counsel present.

---

    **3**  The People, in their respondent's brief, argued that "[e]ven if the superior court erred regarding timeliness and diligence, the ruling should be affirmed on the alternative ground that the record did not establish defense counsel was ineffective."  The People, withdrew this argument in the letter dated March 15, 2019.

    **4**  Although we find that the trial court erred in denying defendant's section 1473.7 motion based on untimeliness, we address the right to counsel issue because this issue needs clarification when the trial court conducts a new hearing on this motion after remand.

Section 1473.7 was amended effective January 1, 2019.  Amended section 1473.7, subdivision (d), now provides, "All motions shall be entitled to a hearing.  Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present.  If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing."  There is nothing in the amended language requiring the presence of counsel.

In their supplemental brief, the People contend that the Legislature, by amending section 1473.7, subdivision (d), to remove the language authorizing the court to hold a hearing without the presence of the moving party if counsel for the moving party is present, intended to clarify the statute and eliminate any implication it provides a right to appointed counsel.  The People also argue that applying a clarifying amendment to conduct predating the amendment does not constitute a retroactive application of the new provision.  In support of their argument, the People point to the "ambiguous" language in former subdivision (d), which does not expressly provide for court-appointed counsel; statements in legislative committee reports that the purpose of the amendment was to provide clarification regarding section 1473.7; and the absence of any comments in the legislative history regarding deletion of the language regarding the presence of the moving party's counsel at the hearing on a section 1473.7 motion, which the People suggest indicates the amendment did not effect a material change in that portion of the statute.

11

The points raised by the People, however, weaken their argument, rather than support it. Although former subdivision (d) did not expressly provide for a right to counsel, the most reasonable interpretation of its plain language contemplated that counsel would be appointed for indigent parties who were unable to attend the hearing because they were in federal detention awaiting deportation. If the Legislature had intended to "clarify" the language in former section 1473.7 by eliminating the right to appointed counsel, some comment on that point should be in the legislative history. There is nothing.

We addressed and rejected the points raised by the People in *Fryhaat*, *supra*, 35 Cal.App.5th 969. In *Fryhaat*, the defendant argued that "the trial court erred in summarily denying his motion to vacate his conviction with a hearing, without his presence and without appointed counsel in violation of [former] section 1473.7." (*Id.* at p. 975.) Although the People agreed that the defendant was entitled to a hearing and the matter must be remanded, "[t]he People believe[d] that, pursuant to the recent amendments to section 1473.7, [the] defendant [did] not have a right to appointed counsel and that his presence can adequately be protected by use of telephonic or videoconference services." (*Ibid.*) We disagreed with the People. We found that although "section 1473.7 does not require a superior court to secure a defendant's presence at the hearing, [] if a defendant's presence is waived or good cause exists to excuse a defendant's presence, such as when a defendant is confined in federal immigration custody, then counsel must be appointed." (*Id.* at p. 983-984.) We hereby adopt the analysis and holding in *Fryhaat*, *supra*, 35 Cal.App.5th 969.

12

"[T]he People's argument ignores the Legislative Counsel's Digest summarizing the final version of Assembly Bill No. 2867 (2017-2018 Reg. Sess.), which plainly anticipated continuation of the right to counsel implicit in the original version of section 1473.7: 'Existing law authorizes the court, at the request of the moving party, to hold the hearing without the personal presence of the moving party if counsel for the moving party is present and the court finds good cause as to why the moving party cannot be present. [¶] . . . The bill would authorize the court, upon the request of the moving party, to hold the hearing without the personal presence of the moving party *and without the moving party's counsel present* provided that it finds good cause as to why the moving party cannot be present.' (Legis. Counsel's Dig., Assem. Bill No. 2867 (2017-2018 Reg. Sess.).)" (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 980, italics added.)

In rejecting the People's contention, we also noted that "'[c]ourts should, if reasonably possible, construe a statute "in a manner that avoids *any* doubt about its [constitutional] validity."'" (*Kleffman v. Vonage Holdings Corp.* (2010) 49 Cal.4th 334, 346.) ' "If a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional (or raises serious and doubtful constitutional questions), the court will adopt the construction which will render it free from doubt as to its constitutionality, even if the other construction is equally reasonable." ' (*Field v. Bowen* (2011) 199 Cal.App.4th 346, 355; see *Association for Retarded Citizens v. Dept. Of Developmental Services* (1985) 38 Cal.3d 384, 394.)" (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 980.)

Additionally, we agreed with the People that "neither the federal nor the state Constitution mandates an unconditional right to counsel to pursue a collateral attack on a judgment of conviction. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 556-557 [no federal constitutional or due process right to appointed counsel in state postconviction proceedings]; *People v. Shipman* (1965) 62 Cal.2d 226, 231-232 (*Shipman*); cf. *In re Barnett* (2003) 31 Cal.4th 466, 474-475 [no federal or state "constitutional right to counsel for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings"].) Nevertheless, 'if a postconviction petition by an incarcerated defendant "attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns." ' (*People v. Rouse* (2016) 245 Cal.App.4th 292, 300, quoting *In re Clark* (1993) 5 Cal.4th 750, 780.)" (*Fryhaat*, *supra*, 35 Cal.App.5th at pp. 980-981.)

"As explained by the California Supreme Court in *Shipman*, *supra*, 62 Cal.2d at p. 231, 'whenever a state affords a direct or collateral remedy to attack a criminal conviction, it cannot invidiously discriminate between rich and poor.' Compliance with the principle that invidious discrimination should be rooted out as unconstitutional, which does not require 'absolute equality to the indigent,' may be affected by requiring the appointment of counsel for an indigent petitioner who, in challenging a judgment of conviction, has set forth 'adequate factual allegations stating a prima facie case;' otherwise, 'there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction.' (*id.* at p. 232.) Therefore, we construe amended section 1473.3 to provide

14

the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute; to interpret the statute otherwise would be to raise serious and doubtful questions as to its constitutionality." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 981.)

"Our construction of amended section 1473.3 to provide this conditional right to appointed counsel is supported by the Legislature's purpose in enacting this statute. As explained, section 1473.7 was designed to remedy the failure of then-existing California law to provide a means for a person no longer in criminal custody to challenge a conviction due to error affecting his or her ability to meaningfully understand the actual or potential immigration consequences of the conviction. Specifically, a person in the custody of federal immigration authorities could not bring such a challenge by filing a petition for a writ of habeas corpus because he or she was 'no longer in "custody" for purposes of the writ.' (Public. Safety, Rep. on Assem. Bill No. 813, *supra* p. 6.) Similarly, although there is no custody requirement to bring a motion under section 1016.5 to withdraw a guilty plea for failure to be admonished of the possible immigration consequence of the plea, a section 1016.5 motion 'is only available where the *court* fails to give the general admonishment or the record is silent on the matter.' (Public Safety, Rep. on Assem. Bill No. 813, *supra*, p. 6.) Finally, a person seeking to challenge a conviction based on the 'unawareness of the immigration consequences' of his or her plea could not petition for 'a writ of error coram nobis' because the challenge 'amounted to a claim of ineffective assistance of counsel, which is not reviewable by way of writ of

15

coram nobis.' (Public Safety, Rep. on Assem. Bill No. 813, p. 5.)" (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 981.)

"The rules governing a petition for writ of habeas corpus require a court to issue an order to show cause if the petitioner has made a prima facie showing of entitlement to relief, based on the petitioner's factual allegations taken as true, and, upon issuing the order, to appoint counsel for the petitioner who desires, but cannot afford, counsel. (Cal. Rules of Court, rule 4.551(c).) The same requirement to appoint counsel for an indigent petitioner who has made adequate factual allegations stating a prima facie case applies to a petition for writ of *coram nobis*. (*Shipman*, *supra*, 52 Cal.2d at p. 232.) As for a motion to vacate based on the absence of immigration advisements by the court pursuant to section 1016.5, although the statute does not 'specify the rules that apply to such a motion,' the rules for writs of *coram nobis* have been held to apply to a section 1016.5 motion to vacate. (*People v. Totari* (2003) 111 Cal.App.4th 1202, 1206-1207 [although section 1016.5 does not expressly place burden on a defendant to prove reasonable diligence in seeking to withdraw a plea, court of appeal held the rules for writs of *coram nobis*, including the burden to prove reasonable diligence, also apply to a section 1016.5 motion to vacate 'because a "motion to vacate" has long been equated in California with a petition for a writ of *coram nobis*'].) We are not aware of any reason the rules for writs of *coram nobis* applicable to a section 1016.5 motion would not include the constitutionally grounded rules for appointing counsel for an indigent moving party." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 982.)

"In light of the fact that writs of habeas corpus and *coram nobis*, and likely section 1016.5 motions to vacate, require court-appointed counsel for an indigent petitioner or moving party who has established a prima facie case for entitlement to relief, and given that a section 1473.7 motion was intended to fill the gap left by the foregoing procedural avenues for relief, interpreting section 1473.7 to also provide for court-appointed counsel where an indigent moving party has adequately set forth factual allegations stating a prima facie case for entitlement to relief would best effectuate the legislative intent in enacting section 1473.7." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 983, fn. omitted.)

"Moreover, both former and current versions of section 1473.7, subdivision (d), provide, 'All motions shall be entitled to a hearing.' Construing the amended statute to require appointment of counsel for an indigent moving party who has established a prima facie case for relief and who is in federal immigration custody would avoid the untenable result of having such a party, who cannot be personally present at a hearing, be effectively deprived of an opportunity to present his or her case and respond to any arguments made in opposition at the hearing on the motion." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 983.)

D.    REVERSAL AND REMAND ARE NECESSARY

In sum, because the trial court denied defendant's motion based on untimeliness and denied the motion without the presence of defendant or his counsel, we reverse the trial court's order denying defendant's section 1473.7 motion. We remand this matter for the trial court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to relief under section 1473.7, to appoint

17

counsel if appropriate, and to address the section 1473.7 motion on its merits. (See *Fryhaat*, *supra*, 35 Cal.App.5th at p. 984; People *v. Braxton* (2004) 34 Cal.4th 798, 818-820 [although trial court's error in refusing to hear new trial motion not prejudicial per se, matter must be remanded for hearing on the motion if the appellate record does not allow reviewing court to determine as a matter of law that the motion lacked merit or to decide that the trial court would have properly exercised its discretion to deny the motion]; see also *People v. Anzalone* (2013) 56 Cal.4th 545, 553 [" ' "under the California constitutional harmless-error provision some errors . . . are not susceptible to the 'ordinary' or 'generally applicable' harmless-error analysis—i.e., the *Watson* 'reasonably probable' standard—and may require reversal of the judgment notwithstanding the strength of the evidence contained in the record in a particular case" ' "].)

## DISPOSITION

The order denying defendant's section 1473.7 motion to vacate his conviction is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

CERTIFIED FOR PUBLICATION

MILLER _____
                                  J.

We concur:

McKINSTER _____
          Acting P. J.

SLOUGH _____
               J.