Filed 11/18/20  P. v. Marroquin CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br> ARMANDO ANTONIO MARROQUIN,<br><br>    Defendant and Appellant. | B299842<br><br>(Los Angeles County<br>Super. Ct. No. BA224467-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

The superior court summarily denied Armando Antonio Marroquin's motion pursuant to Penal Code section 1473.7, subdivision (a),[1] to set aside his prior convictions. On appeal Marroquin argues the court erred in denying relief under section 1473.7, subdivision (a)(2), because the convictions were not based on a plea. Accordingly, he argues, the case should be remanded for a hearing, as required by the statute, and, if he alleges facts establishing a prima facie case for relief, for appointment of counsel. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Marroquin's Prior Convictions*

Marroquin was convicted following a jury trial in 2002 of continuous sexual abuse of his daughter, a child under the age of 14 years (§ 288.5, subd. (a)); making a criminal threat (§ 422); and willful infliction of corporal injury on a spouse or cohabitant (§ 273.5). The court sentenced him to an aggregate term of 17 years eight months. We affirmed the judgment on appeal. (*People v. Marroquin* (April 13, 2004, B165641) [nonpub. opn.].)

2. *Marroquin's Motion To Vacate Convictions or Sentence*

Marroquin, now in federal immigration custody, filed a "Request for Notice and Ruling" on April 29, 2019. Marroquin's request attached a completed Judicial Council form CR-187 (motion to vacate conviction or sentence pursuant to sections 1016.5 and 1473.7) and sought a ruling on the attached motion, which Marroquin explained had been previously mailed to the court.

---

[1] Statutory references are to this code.

On the Judicial Council form Marroquin checked the box for item 3, next to "Motion Under Penal Code Section 1473.7."[2] Under the heading "Grounds for Relief," he checked the box for item 3a, next to the form's preprinted statement he sought relief because of a prejudicial error damaging the ability to meaningfully understand the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. In the space provided for factual support for item 3a, Marroquin wrote he had been denied the effective assistance of counsel because his attorney had provided erroneous advice regarding the immigration consequences of accepting a plea offer.

In addition, under the same "Grounds for Relief" heading, Marroquin checked the box for item 3b, next to the form's preprinted statement "Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." On an indented line under that statement was a second preprinted statement with a box next to it: "I discovered the new evidence of actual innocence on (*date*)." The form provided a space for addition of a date after that second statement. Marroquin did not check the box for that second statement, nor did he provide a date in the space provided. In the space provided for facts

_____

[2]     Marroquin also checked the box for item 2, next to "Motion Under Penal Code Section 1016.5." In the space provided at item 2c for facts supporting relief under section 1016.5, Marroquin contended the court had failed to provide sufficient information regarding the immigration consequences of a plea offer. He also challenged an evidentiary ruling pertaining to admissibility at trial of expert testimony and, referring to a habeas corpus petition he had filed in 2010, asserted he had other reasons for vacating his convictions.

supporting item 3b, Marroquin stated the following: "There is new evidence of my innocence that is in possession of the government. I will request that evidence in a motion for discovery under Penal Code section § 1054.1. The information to be disclosed by prosecution is new evidence that I have [not] discovered yet, to do that I will need the assistance of counsel to make that motion."

For item 4, Marroquin checked the box indicating that he was represented by counsel who would appear at the hearing and that he requested the court hold the hearing without his personal presence. In the space provided for reasons to hold a hearing in his absence, he requested the court appoint counsel to represent him because he had been in the custody of ICE (the United States Immigration and Customs Enforcement) since July 13, 2017 and was unable to appear.

In a two-page attachment to the Judicial Council form Marroquin contended the ineffective assistance of his counsel, who was allegedly ignorant of immigration law, had damaged his ability to meaningfully understand the immigration consequences of a plea offer. He explained his counsel was so deficient Marroquin had to determine from an outside source whether a conviction on any of the offenses with which he had been charged constituted an aggravated felony under immigration law, and asserted his attorney had failed to provide him with sufficient information to enable an intelligent decision whether to accept a plea deal that had been offered to him. Stating he had other claims entitling him to relief, he referred to a habeas corpus petition he had filed in 2010. He concluded, "I have satisfied the burden of establish[ing] counsel's performance was deficient in misadvising about . . . specific immigration

4

consequences and/or relief[] of pleading to the (2) two counts" and again requested appointment of counsel.

Marroquin included a two-page declaration repeating his contentions from the two-page attachment. His declaration also provided additional details regarding his attorney's alleged failure to provide sufficient information regarding the immigration consequences of accepting a plea offer.

### 3. *The Superior Court's Ruling Denying the Motion*

The superior court called the case on May 13, 2019. Marroquin was not present and not represented by counsel. The minute order for the proceeding states, "The Court has read and considered the defendant's motion to vacate conviction or sentence. [¶] Defendant's motion is denied. Convictions resulted from jury trial, not pleas. Remedy not available."[3]

## DISCUSSION

### 1. *Governing Law*

Section 1473.7, subdivision (a), provides, "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for either of the following reasons: [¶] (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. . . . [¶] (2) Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." Subdivision (c) requires a motion pursuant to subdivision (a)(2) to

---

[3] The record on appeal does not include a reporter's transcript of the May 13, 2019 proceeding.

5

be filed "without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the evidence that provides a basis for relief" under section 1473.7.

Subdivision (d) provides, "All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing." The court must grant the motion to vacate the conviction or sentence "if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a)." (§ 1473.7, subd. (e)(1).) In ruling on a section 1473.7, subdivision (a)(2), motion, the court must also specify the basis for its decision. (§ 1473.7, subd. (e)(4).)

2. *The Superior Court Did Not Commit Reversible Error*

Marroquin on appeal does not challenge the superior court's denial of his motion to the extent it was predicated on his allegations of inadequate immigration advisements: He does not dispute sections 1016.5, subdivision (b), and 1473.7, subdivision (a)(1), authorize relief only for convictions or sentences obtained by a plea of guilty or nolo contendere.

However, as Marroquin argues, and the Attorney General effectively concedes, relief under section 1473.7, subdivision (a)(2), authorizing a motion to vacate a conviction based on newly discovered evidence of actual innocence, is available to individuals no longer in criminal custody whether convicted after trial or by plea. Nonetheless, because

6

Marroquin's motion not only failed to identify any purportedly newly discovered evidence, but also affirmatively alleged he merely hoped to obtain some through discovery, denial of the motion was proper because it lacked merit as a matter of law. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 [""a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason""].)

Marroquin's conclusory argument we should nevertheless remand the case for a hearing because section 1473.7, subdivision (d), mandates a hearing for all motions, improperly conflates the principles for remand applicable to a reviewing court with the statutory requirements for a hearing applicable to a court considering his section 1473.7 motion in the first instance. He has identified nothing in the statute or its legislative history evidencing a legislative intent in enacting section 1473.7 to alter well-established authority governing appellate review. Moreover, Marroquin has not shown, and cannot establish, prejudice for any failure by the superior court to comply with section 1473.7, subdivision (d), a state law error, because his motion for relief under section 1473.7, subdivision (a)(2), was devoid of merit as a matter of law. (*People v. Braxton* (2004) 34 Cal.4th 798, 818 [for purposes of harmless error analysis, there is no prejudice when the reviewing court properly determines as a matter of law that defendant's motion lacked merit].)

Although Marroquin in his opening brief provides support for the general principle that a deprivation of life, liberty or property must be preceded by notice and opportunity for a hearing "appropriate to the nature of the case," he cites no legal authority for a constitutional right to a hearing in the circumstances present here, a postconviction motion where the

moving party's own factual allegations show lack of entitlement to the relief sought. (See, e.g., *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["citing cases without any discussion of their application to the present case results in forfeiture"; "[w]e are not required to examine undeveloped claims"]; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546 [reviewing court need not consider an inadequately supported legal argument; "'[t]his court is not inclined to act as counsel for . . . appellant'"].)

3. Rodriguez *and* Fryhaat *Do Not Compel a Different Result*

Based on *People v. Rodriguez* (2019) 38 Cal.App.5th 971 (*Rodriguez*) and *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 983-984 (*Fryhaat*), Marroquin argues we should nevertheless reverse the order denying his motion and remand the case with instructions to the superior court to consider whether he has set forth a prima facie case for relief and direct the court to appoint counsel if it determines he has done so. Neither case requires such a futile exercise.

In *Rodriguez, supra*, 38 Cal.App.5th 971 the court of appeal reversed the superior court's order denying a section 1473.7, subdivision (a)(1), motion, which the court had considered without the presence of the moving party or his counsel, and remanded the case "for the trial court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to relief under section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits." (*Rodriguez*, at p. 984.) In so holding, the court construed section 1473.7 "'to require appointment of counsel for an indigent moving party who has established a

8

prima facie case for relief and who is in federal immigration custody.'" (*Ibid*.; accord, *Fryhaat*, *supra*, 35 Cal.App.5th at pp. 983-984.)

We agree with the premise implicit in Marroquin's argument: Appointment of counsel for an indigent individual not in criminal custody is appropriate under section 1473.7, subdivision (a), only when his or her moving papers state specific facts establishing a prima facie case for relief. (See generally *People v. Shipman* (1965) 62 Cal.2d 226, 232 ["Unless we make the filing of adequately detailed factual allegations stating a prima facie case a condition to appointing counsel, there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction. Neither the United States Constitution nor the California Constitution compels that alternative"].)

The legislative history of section 1473.7 indicates the Legislature's intent to extend to those within the statute's scope relief similar to that available to individuals in criminal custody who file a petition for a writ of habeas corpus. (Legis. Counsel's Dig., Assem. Bill No. 813 (2015-2016 Reg. Sess.) ["[u]nder existing law, although persons not presently restrained of liberty may seek certain types of relief from the disabilities of conviction, the writ of habeas corpus is generally not available to them"]; see *Fryhaat*, *supra*, 35 Cal.App.5th at pp. 976, 983 & fn. 5 ["the purpose of the legislation was to 'fill a gap in California criminal procedure' [citation] by providing a means to challenge a conviction by a person facing possible deportation who is no longer in criminal custody and thus for whom a petition for a writ of habeas corpus is not available"; "a section 1473.7 motion also

9

fills the gap left by a section 1473.6 motion to vacate [based on newly discovered evidence falling within certain categories]," and "the procedure applicable to a motion to vacate under section 1473.6 is the same as for a petition for writ of habeas corpus"].) Accordingly, although the statutory language does not mandate adherence to the identical procedures, the rules governing habeas proceedings should generally be applied to motions for relief under section 1473.7 absent a contrary expression of legislative intent.

Upon the filing of a petition for writ of habeas corpus, the superior court must issue an order to show cause if the petitioner has made a prima facie showing of entitlement to relief, based on the petitioner's factual allegations taken as true, and, upon issuing the order, appoint counsel for the petitioner who desires, but cannot afford, counsel. (Cal. Rules of Court, rule 4.551(c).) As the court held in *Fryhaat*, *supra*, 35 Cal.App.5th at page 983, interpreting section 1473.7 in like manner—that is, to also provide for court-appointed counsel only after an indigent moving party has adequately set forth factual allegations stating a prima facie case for entitlement to relief—properly effectuates the legislative intent in enacting section 1473.7. (Accord, *Rodriguez*, *supra*, 38 Cal.App.5th at pp. 984-985.)

Here, Marroquin identified absolutely no newly discovered evidence of actual innocence, either in his moving papers in the superior court or on appeal. Indeed, notwithstanding his checking the box on the Judicial Council form indicating his motion was based on subdivision (a)(2), he left unchecked the box relating to the date he discovered the new evidence; and, in stating the facts supporting his motion, he not only failed to state what, if any, new evidence of innocence had been discovered

10

requiring vacatur of his convictions or sentences as a matter of law or in the interests of justice but also affirmatively explained he would require a separate discovery motion to ascertain the new evidence he had "yet" to discover. Under these circumstances it was not error for the court to proceed without appointment of counsel.

To be sure, in both *Rodriguez* and *Fryhaat* the court of appeal remanded for the superior court to make a determination whether the moving party had set forth adequate factual allegations stating a prima facie case for entitlement to relief. (*Rodriguez*, *supra*, 38 Cal.App.5th at pp. 984-985; *Fryhaat*, *supra*, 35 Cal.App.5th at p. 984.) However, as the *Fryhaat* court explained, remand was necessary because there was only a "meager record" in the case, which involved a subdivision (a)(1) motion for inadequate immigration advisements. Rejecting the People's argument the moving party had failed to state a prima facie case by omitting a supporting declaration and alleging facts that were contrary to the record, the court stated, "[W]e cannot assume defendant was in fact advised of the immigration consequences by his appointed counsel without an adequate record." (*Fryhaat*, at pp. 982-983.) Here, in contrast, no remand is necessary because Marroquin's own factual allegations demonstrate he is not entitled to the relief he requests. (See *People v. Jefferson* (2019) 38 Cal.App.5th 399, 409 ["remand is not appropriate when it would be an idle act"].)

## DISPOSITION

The order denying Marroquin's motion to vacate his convictions or sentences is affirmed.


                                        PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.