Filed 3/15/21  P. v. Murillo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUANA MURILLO,<br><br>    Defendant and Appellant. | B305354<br><br>(Los Angeles County<br>Super. Ct. No. A193950) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Law Office of Gary Finn and Gary Finn for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, and Adrian R. Contreras, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Juana Murillo appeals from an order denying her motion under Penal Code[1] section 1473.7 to withdraw her 1978 guilty plea to drug-related offenses. Because Murillo failed to establish prejudicial error, we affirm.

## BACKGROUND

Murillo was born in Mexico but came to the United States in about 1977 to work so that she could send money to her ill mother back in Mexico. She lived with her sister in the United States and planned to return to Mexico after one year. However, in 1978, Murillo was arrested and pleaded guilty to selling or transporting marijuana (Health & Saf. Code, § 11360) and to possessing marijuana for sale (Health & Saf. Code, § 11359). At the plea hearing, Murillo, with the assistance of a Spanish language interpreter, agreed that she had discussed the facts and all possible defenses with her attorney. When her counsel asked the trial court to advise Murillo about deportation, the trial court advised her in accordance with section 1016.5 that if she was "not a citizen of the United States, you are advised that conviction of the offense for which you have been charged and to which you are pleading guilty may have the consequence of deportation, exclusion from admission to the United States, of denial of naturalization pursuant to the laws of the United States." Murillo said she understood.[2]

In 2019, Murillo moved under section 1473.7 to withdraw her guilty plea, arguing that she entered into the plea without a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Murillo's sentence is not in the record.

meaningful understanding of the immigration consequences.[3]  In her accompanying declaration, Murillo stated she was now 60 years old, had lived in the United States for over 40 years, and had a California-born daughter.  Her daughter had filed a visa petition on Murillo's behalf.  With respect to her 1978 conviction, Murillo said she was arrested with another woman.  Murillo's then attorney advised Murillo to plead guilty, saying she would get probation and would not receive a long jail sentence.  She did not want to plead guilty, but her attorney told her she would get out of jail sooner.  He never told her that her plea would prevent her from obtaining lawful permanent resident status.  Had she known her plea would render her ineligible for legal residency, she would not have pleaded guilty.  Murillo's 1978 conviction has been her sole contact with law enforcement.

At a hearing on the section 1473.7 motion, the trial court expressed doubt that Murillo could substantiate her claim that her attorney forced her to plead guilty without a declaration from that attorney.  In the absence of such a declaration, the trial court did not think the motion should be granted.  Murillo's counsel then informed the trial court that he and the prosecutor were discussing allowing Murillo to withdraw her plea and to plead guilty to another charge.  Counsel also said he would subpoena Murillo's former counsel if they were going to litigate the motion.  Therefore, counsel said he was not ready to go

---

[3] Previously, Murillo's petition under section 1203.4 had been granted.  Also, her petition under Proposition 64 was granted; accordingly, her conviction under Health and Safety Code section 11360 was dismissed and her conviction under Health and Safety Code section 11359 was reduced to an infraction.

3

forward with the hearing and asked for a continuance, which the trial court granted.

By the time of the continued hearing at which Murillo was not personally present, she had filed a request to withdraw her motion without prejudice. In response, the trial court suggested that Murillo was judge shopping, as Murillo had only wanted to withdraw her motion *after* the trial court gave a "tentative ruling" at the prior hearing. The trial court gave Murillo the option of withdrawing her motion with prejudice or having it denied on the merits. Murillo's counsel elected a ruling on the merits. The trial court found that Murillo had been fully and properly advised of the immigration consequences of her plea and denied the motion to withdraw her plea.

## DISCUSSION

A noncitizen defendant who is no longer in criminal custody may move to vacate a conviction or sentence when the "conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of" a guilty plea. (§ 1473.7, subd. (a)(1).)[4] The defendant bears the burden of establishing two elements of prejudicial error: (1) she failed to " 'meaningfully understand' " or " 'knowingly accept' " the actual or potential adverse immigration consequences of her plea, and (2) had she understood the consequences, it is "reasonably probable" she would not have entered the plea. (*People v. Mejia* (2019)

---

[4] Section 1473.7 was added by Statutes 2016, chapter 739, section 1 and became effective January 1, 2017.

4

36 Cal.App.5th 859, 862 (*Mejia*).) Although a defendant may show that her counsel rendered ineffective assistance to obtain relief under section 1473.7, the statute does not require such a showing. (§ 1473.7, subd. (a)(1); *Mejia*, at p. 871.) Rather, the focus of the inquiry is the defendant's mindset and what she understood or did not understand when the plea was taken. (*Mejia*, at p. 866; *People v. Camacho* (2019) 32 Cal.App.5th 998, 1010.) The statute thus requires a finding that the defendant erred, not her counsel. (*Mejia*, at p. 871.) A court must grant a section 1473.7 motion "if the moving party establishes, by a preponderance of the evidence," the grounds for relief under subdivision (a)(1). (§ 1473.7, subd. (e)(1).)

What standard of review applies to an order denying a section 1473.7 motion is in dispute. Courts of Appeal have held that where a section 1473.7 motion is based on a claim of ineffective assistance of counsel, the claim implicates a constitutional right and is therefore a mixed question of fact and law and subject to independent review. (*People v. Vivar* (2019) 43 Cal.App.5th 216, 224, review granted Mar. 25, 2020, S260270; *People v. Rodriguez* (2019) 38 Cal.App.5th 971, 977–978; *People DeJesus* (2019) 37 Cal.App.5th 1124, 1132.) Courts of Appeal have also found that where the appeal is based on a claim of statutory error or deprivation of statutory rights, our review is for an abuse of discretion. (*Vivar*, at p. 224.) Justice Raphael, however, would apply the independent review standard across the board, including to claims of statutory error. (*People v. Bravo* (2020) 58 Cal.App.5th 1161, 1180 (conc. opn. of Raphael, J.), petn. for review pending, petn. filed Feb. 1, 2021.)

We need not delve into this dispute. Under either standard of review, we would affirm the order denying the motion. As we

have said, the primary inquiry a section 1473.7 motion presents is what was the defendant's mindset and understanding when the plea was taken. (See, e.g., *Mejia*, *supra*, 36 Cal.App.5th at p. 866.) A defendant's self-serving statement that she would have rejected the plea bargain is insufficient by itself to "sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." (*People v. Bravo*, *supra*, 58 Cal.App.5th at p. 1171.) Courts thus must look to contemporaneous evidence, that is, evidence from the time of the plea, to substantiate a defendant's expressed preferences. (*Ibid.*) A "court needs evidence *about* the defendant, prosecution, and case at the time of the plea," which evidence could include the defendant's ties to the United States in light of the consequences of rejecting the plea and proceeding to trial. (*Id.* at p. 1184 (conc. opn. of Raphael, J.).)

The defendant in *Mejia*, *supra*, 36 Cal.App.5th at page 863, for example, pleaded guilty to drug-related crimes and was given the same advisement given to Murillo. Years later, he moved under section 1473.7 to withdraw his plea, stating that he had lived in the United States since he was 14 years old and that when arrested he was married with an infant son. (*Mejia*, at p. 863.) Mejia's then attorney said he had to take the offered plea, otherwise he would spend years in prison. His attorney never asked about his immigration status and never explained he would be deportable if he entered into the plea agreement. *Mejia* reversed the trial court's order denying the motion. The court found that Mejia's undisputed testimony established he did not meaningfully understand or knowingly accept the mandatory deportation consequences. (*Id.* at p. 872.) Further, contemporaneous evidence regarding Mejia's then family

6

situation and the likelihood that had he gone to trial he would have been granted probation or a low prison sentence established that the error was prejudicial. (*Id.* at pp. 872–873; accord, *People v. Camacho, supra*, 32 Cal.App.5th at p. 1011 [prejudice established by defendant who lived in United States since two years old and had a family at time of plea].)

In contrast, Murillo submitted little evidence to meet her burden. Murillo said she did not receive a "complete immigration advisement" because no one advised she was pleading to a crime that would render her "inadmissible for life" from the United States. (See, e.g., 8 U.S.C. § 1182(a)(2)(A)(i)(II) [noncitizen convicted of law relating to controlled substance ineligible for visa and admission].) However, the record shows that she received the standard section 1016.5 advisement. While that advisement does not preclude a defendant from establishing she did not have a meaningful understanding of the immigration consequences of her plea (see generally *Padilla v. Kentucky* (2010) 559 U.S. 356, 374; *People v. Patterson* (2017) 2 Cal.5th 885, 889; § 1018), a defendant seeking relief under section 1473.7 must still establish that fact (see, e.g., *People v. Bravo, supra*, 58 Cal.App.5th at pp. 1170–1172). The defendant in *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 73, established that fact by submitting with his section 1473.7 motion his attorney's admission he misadvised the defendant that he would not face immigration consequences from his plea.

Here, Murillo does not deny that the trial court advised her under section 1016.5; yet, she has not said what she thought the advisement meant. She merely says her attorney did not advise her she would be unable to obtain lawful permanent status. But, as the trial court observed, to the extent Murillo was saying her

7

attorney in 1978 forced her into a plea, she needed the attorney's testimony. To that end, Murillo asked for and was granted a continuance so that she could subpoena her former attorney.[5] She did not then produce evidence from him at the continued hearing or otherwise make an offer of proof of what he would say.

Murillo also did not submit contemporaneous evidence to establish prejudice. Rather, her supporting declaration focused on her current situation rather than on her situation and mindset in 1978. She merely said that her young age (21 years old) negatively affected her understanding when she entered the plea. The record otherwise shows that Murillo's ill mother was in Mexico and that Murillo had come to the United States only to make money to help her mother and then to return. Murillo's family circumstances thus tied her to Mexico rather than to the United States, and nothing in the record shows that any immigration consequences mattered to Murillo in 1978.

As Murillo therefore did not meet her burden of proof, the trial court did not err by denying her section 1473.7 motion.

---

[5] The trial court believed that Murillo's then attorney was still local.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


SALTER, J.*

We concur:


EDMON, P. J.


EGERTON, J.

---

\* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.