Filed 5/16/25  P. v. Oliveira CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINGOS JOSE OLIVEIRA,<br><br>    Defendant and Appellant. | D083662<br><br><br>(Super. Ct. No. SCE309857) |


APPEAL from an order of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Reversed and remanded with directions.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiffs and Respondents.


Domingos Jose Oliveira appeals the order denying his motion to vacate convictions he suffered in 2011.  The basis of the motion was that he would

not now be facing deportation had trial counsel properly advised him about the immigration consequences of conviction and negotiated a plea bargain without those consequences. At the hearing on the motion, the public defender who had been appointed to represent Oliveira stated he could not do so. The trial court denied Oliveira's request for a continuance and appointment of new counsel and denied the motion on the merits. Oliveira attacks both the denial of the request and the denial of the motion. The People concede the denial of the request for appointment of new counsel was prejudicial error and a new hearing is required. We accept the concession, reverse the challenged order, and remand for further proceedings.

## I.

## BACKGROUND

A.    *Facts and Proceedings Leading to Convictions*

Oliveira disapproved of the relationship his daughter (Daughter) had with a Black man (S.K.) when she was 18 and 19 years old. In June 2010, Oliveira made Daughter sign a "contract" that she would cease all contact with S.K. and that if she breached the contract she and S.K would be killed without notice. Daughter ceased contact with S.K. after she signed the "contract" and resumed contact in December 2010. Oliveira then began sending Daughter and S.K. text messages and e-mails accusing Daughter of violating the "contract" and threatening S.K.'s life. In March 2010, flyers were posted at the college Daughter and S.K. attended that contained a photograph of S.K. and an offer of a $3,000 reward for his body, "dead or alive." A copy of the flyer was later found on Oliveira's computer.

A jury found Oliveira guilty of solicitation of murder (Pen. Code, § 653f, subd. (b)) and making criminal threats (*id.*, § 422). It found true the enhancement allegation that the criminal threats charge was a hate crime.

2

(*Id.*, § 422.75, subd. (a).)  In August 2011, the trial court sentenced Oliveira to prison for seven years four months.

B.  *Motion to Vacate Convictions*

On May 3, 2023, Oliveira filed a motion to vacate the convictions under Penal Code section 1473.7.[1]  He alleged he had been a legal permanent resident of the United States since he was 11 years old and was being deported.  Oliveira further alleged:  (1) his trial counsel "refused to get a plea agreement with safe harbor so [he] would not get deported"; (2) he "was never told that [he] could get deported as a legal permanent resident"; and (3) he "would have taken a plea had [his] attorney performed his job regarding [Oliveira's] immigration status."  Attached to the motion was a copy of an order of the Board of Immigration Appeals dismissing Oliveira's appeal of an immigration judge's order that Oliveira be deported to his native Portugal.

The People filed opposition to the motion.  They argued Oliveira had not shown there was a plea bargain available that would not lead to deportation or that his trial counsel had provided ineffective assistance by failing to negotiate such a bargain.

---

[1]  As relevant to this appeal, Penal Code section 1473.7 authorizes "[a] person who is no longer in criminal custody [to] file a motion to vacate a conviction or sentence" if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (*Id.*, subd. (a)(1).)
Oliveira also invoked Penal Code section 1016.5, which requires a court, before accepting a defendant's plea of guilty or nolo contendere, to advise the defendant that if he is not a United States citizen, he may be deported or suffer other adverse immigration consequences of the conviction. (*Id.*, subd. (a).)  If the court fails to give the required warning before accepting the plea, it must, on the defendant's motion, vacate the conviction and allow him to withdraw the plea.  (*Id.*, subd. (b).)  The statute does not apply to Oliveira's convictions, because he did not plead guilty or nolo contendere.

On July 3, 2023, the trial court appointed the public defender to represent Oliveira and set the motion for hearing on August 17, 2023. On the hearing date, the matter was taken off calendar without prejudice at the request of the public defender.

Oliveira refiled the motion to vacate the convictions on October 24, 2023. He also submitted a memorandum of points and authorities in support of the motion.

The trial court heard the motion on December 8, 2023. Oliveira told the court that the public defender had "dropped [the] case" and asked for a continuance and appointment of new counsel. The People opposed the continuance request. The public defender explained his office could not represent Oliveira because the grant funding it had received was "restricted to current immigrants in custody going through asylum." Oliveira learned of the public defender's inability to represent him in October 2023. The court found Oliveira had sufficient time to find a new attorney and denied his requests for a continuance and appointment of new counsel.

The court went on to hear testimony from Oliveira and his trial counsel and the parties' oral arguments. The court found Oliveira knew about the adverse immigration consequences of the convictions, there was no plea bargain available that would not have included those consequences, and he wanted to go to trial to prove his innocence. The court therefore denied the motion.

## II.

## DISCUSSION

Oliveira attacks the trial court's order denying his Penal Code section 1473.7 motion on two grounds. First, he argues the court should have granted the motion because his trial counsel "clearly misadvised [him] of the

4

actual immigration conse[q]uence[s] [of the convictions] and without a doubt immigration consequences were a paramount concern at the plea-bargaining stage." (Capitalization omitted.) Second, Oliveira argues that "once the public defender's office abandoned [him] and the trial court failed to appoint new counsel, the trial court prejudicially erred when it denied [his] motion to continue the case." (Capitalization omitted.) He asks us to reverse the trial court's order and to remand the matter to the trial court with directions to grant the motion, or, alternatively, to reverse the order and to remand the matter for a new hearing.

The People, on the assumption Oliveira is indigent, concede that he has a right to counsel on the motion and that the trial court prejudicially erred by refusing to appoint new counsel and denying the motion. They ask us to reverse the order and to remand the matter to the trial court with directions to appoint counsel and hold a new hearing on the motion.

We agree with the parties that the trial court erred by ruling on Oliveira's motion to vacate the convictions without appointing counsel to represent him. Although Penal Code section 1473.7 does not expressly provide the right to appointed counsel, courts have held it provides a "conditional right to appointed counsel" if "an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute." (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 981 (*Fryhaat*); accord, *People v. Rodriguez* (2019) 38 Cal.App.5th 971, 983; see *People v. Lewis* (2021) 11 Cal.5th 952, 973 (*Lewis*) [citing *Fryhaat* for this point].) Oliveira appears to have satisfied the conditions.

As to indigency, in his motion Oliveira stated under penalty of perjury that he was "living on [his] disability check" and that another lawyer was "helping [him] pro bono" with his immigration appeal. Neither the People

nor the trial court raised any doubts about Oliveira's indigency. To the contrary, a finding of indigency is implicit in the trial court's July 3, 2023 appointment of the public defender to represent Oliveira. (See Pen. Code, § 987.2, subds. (d), (e) [requiring courts to appoint public defender to represent indigent defendants].)

As to statement of a prima facie case, in his motion Oliveira alleged he was never told he would be deported if convicted, his counsel refused to seek a plea bargain that would not lead to deportation, and he would have accepted such a plea bargain had counsel sought one. Proof of those allegations by a preponderance of the evidence would establish "prejudicial error damaging [Oliveira's] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of [his] conviction[s]" and would entitle Oliveira to an order vacating the convictions. (Pen. Code, § 1473.7, subds. (a)(1), (e)(1).) He thus stated a prima facie case for relief. (See *Fryhaat, supra*, 35 Cal.App.5th at p. 982 [prima facie case is stated if factual allegations taken as true would entitle movant to relief].)

Because the conditions for appointment of counsel on a Penal Code section 1473.7 motion were satisfied, we conclude the trial court erred by denying Oliveira's request for appointment of new counsel when the previously appointed public defender advised the court he could not represent Oliveira. We also conclude the error was prejudicial. Oliveira told the court he was "not educated," wanted new counsel appointed to represent him, and needed time to meet with new counsel to prepare for the hearing on the motion. Had the court appointed new counsel and continued the hearing instead of proceeding while Oliveira was unrepresented, counsel might well have filed an amended motion with additional factual allegations and

supporting documents; and, as compared to Oliveira's performance at the hearing, counsel at the continued hearing probably would have more effectively questioned witnesses and more persuasively argued the pertinent law and facts to the court.  In other words, had the trial court appointed new counsel for Oliveira and continued the hearing, we likely would have a very different record to review.  Under these circumstances, we cannot confidently say that had the court not erred, there is no reasonable probability Oliveira would have obtained a better result.  (See *Lewis, supra*, 11 Cal.5th at p. 974 [reasonable probability of more favorable result standard of prejudice applies to claim of denial of statutory right to counsel in collateral attack on conviction]; *People v. Anzalone* (2013) 56 Cal.4th 545, 554 ["it would be impossible to divine how a trial would have proceeded if a defendant had been allowed counsel"].)  Hence, we must reverse the order denying his section 1473.7 motion and remand the matter for appointment of counsel and a new hearing on the motion.

III.

DISPOSITION

The order denying the motion to vacate convictions is reversed. The matter is remanded to the trial court with directions to appoint counsel to represent Oliveira and to hold a new hearing on his motion.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.

8