Filed 2/4/21  P. v. Diosdado CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073901 |
| v. | (Super.Ct.No. BAF1600033) |
| MARTIN MUNOZ DIOSDADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen and John M. Monterosso, Judges.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Mary Katherine Strickland, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2016, defendant and appellant Martin Munoz Diosdado, a citizen of Mexico, pleaded guilty to several felony offenses he committed while driving drunk. In return, he was sentenced to a total term of three years in state prison with 517 days' credit for time served. Sometime after his release from prison, defendant was placed into removal proceedings by the federal government and detained in an immigration facility. In 2019, defendant filed a motion to vacate his conviction pursuant to Penal Code[1] section 1473.7, arguing he was not advised of, and did not understand, the immigration consequences of his plea. In an ex parte proceeding, the trial court denied defendant's motion, finding "[d]efendant was advised by both defense counsel and the court that his plea would result in his deportation."

On appeal, defendant argues the trial court erred in denying his motion to vacate his guilty plea without a hearing and without appointing counsel in violation of section 1473.7. Although the trial court erred in denying the section 1473.7 motion without a hearing, we find the error to be harmless and affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant drove his vehicle while drunk with a blood alcohol content of 0.15 percent or more. While inebriated, defendant hit a person with his vehicle, causing the person to suffer injury, and then fled the scene. Defendant had previously been convicted of driving while under the influence of alcohol on three separate occasions.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

On September 27, 2016, defendant pleaded guilty to assault with a deadly weapon, to wit, a motor vehicle (Pen. Code, § 245, subd. (a)(1)); failure to give assistance and identifying information in an accident involving personal injury (Veh. Code, § 20001, subd. (a)); and driving while under the influence of alcohol with a blood alcohol level of 0.15 percent or more, causing injury (Veh. Code, §§ 23153, subd. (a) & 23578). Defendant also admitted that he had suffered three prior convictions for driving while under the influence.

Prior to pleading guilty, defendant signed and initialed a plea form. In relevant part, defendant initialed and *signed* the paragraph stating, "If I am not a citizen of the United States, I understand that this conviction WILL have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The word "may" was crossed out from the above paragraph in the plea form and the word "WILL" was placed above the stricken word "may." Defendant also initialed the statements that no one had made any threats to him or pressured him to plead guilty and that he had adequate time to discuss with his attorney his constitutional rights, the consequences of pleading guilty, and any defenses he may have to the charges against him.

In addition, defendant signed the plea form, noting he had read and understood the entire plea form, that he waived and gave up all of the rights he had initialed, and that he accepted the plea agreement. The plea form was signed by defense counsel, indicating counsel was satisfied that defendant understood his constitutional rights, his guilty plea,

3

the consequences of his guilty plea, and that defendant had adequate time to discuss his case with him. The plea form was also signed by defendant's Spanish interpreter, noting the interpreter had translated the contents of the entire plea form in Spanish and that defendant had stated he "fully understood the contents of the form prior to signing."

During the taking of the plea hearing, with the assistance of defendant's Spanish interpreter, defendant indicated to the trial court that he went over the plea form with his attorney, that he had placed his initials and signature on the plea form, and that he understood and agreed with the plea form. Defendant also acknowledged that he went over the plea form with his interpreter and had his interpreter translate the plea form for him. When the trial court asked defendant whether he had any questions, defendant questioned why he was "getting a strike." The trial court thereafter allowed defense counsel more time with defendant. After a pause in the proceedings, defendant indicated that his question had been answered, and when the trial court inquired whether defendant had any other questions, defendant responded, "No."

The trial court then informed defendant of his constitutional rights and the consequences of pleading guilty. In relevant part, the trial court specifically informed defendant that "[i]f you are not a citizen, you will be deported, denied reentry, and denied naturalization as a U.S. citizen." When the trial court asked defendant whether he understood all of the consequences of pleading guilty, defendant stated, "Yes." Prior to pleading guilty, defense counsel interrupted the trial court and asked the court to "advise [defendant] of his immigration consequences, please." The trial court replied, "I told him

4

that he will be deported and denied reentry and denied naturalization by pleading guilty." After indicating he understood his plea agreement, defendant pleaded guilty as agreed to in his plea form and was immediately sentenced in accordance with his plea agreement.

On August 12, 2019, defendant filed a motion to vacate his conviction pursuant to section 1473.7. Defendant argued that his trial counsel had failed to advise him of the immigration consequences of his plea, he did not meaningfully understand the immigration consequences of his plea due to a language barrier, and that had he known the consequences of deportation, he would not have pleaded guilty.

On August 21, 2019, the trial court summarily denied defendant's motion, finding defendant had been advised by his counsel and the trial court that his plea would result in deportation. The court also found that defendant "signed the change of plea form, specifically acknowledging that his plea would cause his deportation." The trial court cited to defendant's change of plea form, which it attached to the court's minutes.

Defendant timely appealed.

### III. DISCUSSION

Defendant argues the trial court erred in denying his section 1473.7 motion to vacate his guilty plea without a hearing and without appointing counsel to represent him in his absence. He therefore believes the denial of his motion should be reversed and the matter remanded with instructions to appoint counsel and hold a hearing.

A.  *Standard of Review*

Appellate courts apply a de novo standard of review to rulings on section 1473.7 motions.  (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975 (*Fryhaat*); *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 76; *People v. Olvera* (2018) 24 Cal.App.5th 1112, 1116.)  As this court explained in *Fryhaat*, "We apply de novo review 'for a mixed question of fact and law that implicates a defendant's constitutional right.  [Citation.]  A defendant's claim that he or she was deprived of the constitutional right to effective assistance of counsel "presents a mixed question of fact and law," and we accordingly review such question independently.  [Citations.]  We accord deference to the trial court's factual determinations if supported by substantial evidence in the record, but exercise our independent judgment in deciding whether the facts demonstrate trial counsel's deficient performance and resulting prejudice to the defendant.  [Citations.]'"  (*Fryhaat*, at p. 975, citing *People v. Ogunmowo*, at p. 76; *People v. Tapia* (2018) 26 Cal.App.5th 942, 950; *People v. Olvera*, at pp. 1116-1117.)  Substantial evidence is evidence that is reasonable, credible, and of solid value.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  We do not reweigh the evidence or reevaluate witness credibility.  (*People v. D'Arcy* (2010) 48 Cal.4th 257, 293.)

B.  *Section 1473.7 Generally*

Section 1473.7, subdivision (a), provides, "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for either of the following reasons:  [¶] (1) The conviction or sentence is legally invalid due to prejudicial error

6

damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. . . . [¶] (2) Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." Subdivision (c) requires a motion pursuant to subdivision (a)(2) to be filed "without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the evidence that provides a basis for relief" under section 1473.7.

The statute thus allows a defendant, who is no longer in custody, "to challenge his or her conviction based on a mistake of law regarding the immigration consequences of a guilty plea or ineffective assistance of counsel in properly advising the defendant of the consequences when the defendant learns of the error postcustody." (*People v. Perez* (2018) 19 Cal.App.5th 818, 828.) The burden is on the defendant to show, by a preponderance of the evidence, that he or she is entitled to relief. (*Id*. at p. 829.)

Section 1473.7, subdivision (d), provides, "All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing."

The court must grant the motion to vacate the conviction or sentence "if the moving party establishes, by a preponderance of the evidence, the existence of any of the

7

grounds for relief specified in subdivision (a)." (§ 1473.7, subd. (e)(1).) In ruling on a section 1473.7 motion, the trial court must also specify the basis for its decision. (§ 1473.7, subd. (e)(4).) An order granting or denying the motion is appealable. (§ 1473.7, subd. (f).)

C.    *Analysis*

Relying on subdivision (d) of section 1473.7 and this court's opinions in *Fryhaat*, *supra*, 35 Cal.App.5th at pp. 983-984, and *People v. Rodriguez* (2019) 38 Cal.App.5th 971 (*Rodriguez*), defendant argues he was entitled to a hearing and appointment of counsel. Based on *Fryhaat*, he also asserts we should reverse the order denying his motion and remand the case with instructions to the trial court "to evaluate defendant's request for appointment of counsel in a manner consistent with the opinion, to appoint counsel, if appropriate, and to consider the motion on its merits."

1.    *Right to a Hearing Under Section 1473.7*

The issue before us is not whether section 1473.7 mandates a hearing. It clearly does. Subdivision (d) of section 1473.7 states "[a]ll motions shall be entitled to a hearing." Instead, we must determine whether a remand for a hearing is necessary in this case where defendant was clearly informed that he "will" be deported if he pleaded guilty and there is no evidence to suggest he did not understand the repeated admonitions that he "will" be deported.

"[R]emand is not appropriate when it would be an idle act." (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 409 (*Jefferson*).) A trial court's error in failing to hold a

8

hearing under section 1473.7 is not prejudicial per se. (See *Fryhaat*, *supra*, 35 Cal.App.5th at p. 984, citing *People v. Braxton* (2004) 34 Cal.4th 798, 818-820 [although trial court's error in refusing to hear new trial motion is not prejudicial per se, matter must be remanded for hearing on the motion if the appellate record does not allow the reviewing court to determine as a matter of law that the motion lacked merit or to decide the trial court would have properly exercised its discretion to deny the motion].)

Here, although the trial court erred in failing to hold a hearing, the error was harmless under any standard. (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [an error is deemed harmless if it is not reasonably probable the defendant would have obtained a more favorable result in the absence of the error]; *Chapman v. California* (1967) 386 U.S. 18, 24 [an error is prejudicial and requires reversal of the conviction unless it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained"].) In an attached declaration to his section 1473.7 motion, defendant stated that at the time of his plea, he "had no knoweledgeor [*sic*] understanding that [the] conviction would impact [his] immigration status so sever[e]ly." He also asserted that he "never had an attorney" and was "never advised" that his plea "would have conse[quences] of . . . being deported." He further averred that had he known his conviction would have "guaranteed" that he would be deported, he "would have definitely sought an alternative plea or trial."

The record does not support defendant's motion and declaration. Defendant was advised on the record by the trial court twice, once at his counsel's request, that he "will

9

be deported and denied reentry and denied naturalization by pleading guilty." Moreover, defendant specifically initialed and signed his full name next to the section on his plea form that read: "If I am not a citizen of the United States, I understand that this conviction will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Indeed, the word "may" was stricken from the immigration consequences paragraph in the plea form and replaced with "will."

Furthermore, defendant received the assistance of a Spanish interpreter during the taking of the plea hearing, as well as at the time he signed and initialed his plea form. Defendant's Spanish interpreter noted on the plea form that defendant had no questions regarding the interpretation. In addition, although defendant questioned whether his conviction was a strike and had other questions during the plea hearing, he did not question the unequivocal statement that he would be deported as a result of his plea. The record demonstrates that defendant was not afraid to stop the proceedings if he did not understand something. Thus, the trial court's failure to hold a hearing was not prejudicial. (See *Fryhaat*, *supra*, 35 Cal.App.5th at p. 984.)

As we explained in *Fryhaat*, remand was necessary because there was only a "meager record" in the case, which involved a section 1473.7 motion for inadequate immigration advisements. Rejecting the People's argument the defendant had failed to state a prima facie case by omitting a supporting declaration and alleging facts that were contrary to the record, this court stated, "we cannot assume defendant was in fact advised

10

of the immigration consequences by his appointed counsel without an adequate record." (*Fryhaat*, *supra*, 35 Cal.App.5th at pp. 982-983.) Here, in contrast, no remand is necessary because the record demonstrates defendant is not entitled to relief under section 1473.7 as there was no error in advising him of his immigration consequences. (See *Jefferson*, *supra*, 38 Cal.App.5th at p. 409.)

### 2. *Right to Counsel Under Section 1473.7*

In *Rodriguez*, *supra*, 38 Cal.App.5th 971, we reversed the trial court's order denying a section 1473.7 motion, which the court had considered without the presence of the moving party or his counsel, and remanded the case "for the trial court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to relief under section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits." (*Rodriguez*, at p. 984.) In so holding, we construed section 1473.7 "'to require appointment of counsel for an indigent moving party who has established a prima facie case for relief and who is in federal immigration custody.'" (*Ibid.*; accord, *Fryhaat*, *supra*, 35 Cal.App.5th at pp. 983-984.)

In *Fryhaat*, *supra*, 35 Cal.App.5th 969, we concluded that section 1473.7 "provide[s] the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute." (*Fryhaat*, at p. 981.) We based our conclusion on a comparison to petitioners for a writ of habeas corpus or *coram nobis*, who are entitled to counsel upon a prima facie showing of entitlement to relief. (*Id.* at pp. 981-982.) A prima facie showing of entitlement to

11

relief in those contexts requires the court to assess whether the petitioner has alleged sufficient facts that, if true, would entitle them to the relief they seek. (*In re Lawler* (1979) 23 Cal.3d 190, 194.) We held that this reasoning applies with equal force in the context of a section 1473.7 motion. (*Fryhaat*, at pp. 983-984.)

Because we have held that the right to counsel attaches upon the showing of a prima facie case for relief, we now turn to the issue of whether defendant made such a showing. If he did, he is entitled to counsel. Where a party moves to vacate their conviction under section 1473.7, the moving party is "required only to show that one or more of the established errors were prejudicial and damaged his 'ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of [his] plea . . . .'" (*People v. Camacho* (2019) 32 Cal.App.5th 998, 1008-1009.) Thus, in order to make a prima facie showing of entitlement to relief, a party must allege (1) some error, and (2) that the alleged error prejudiced their ability to meaningfully understand, defend against, or knowingly accept the plea. An error may prejudice a moving party "when there is a reasonable probability that the person would not have pleaded guilty—and would have risked going to trial (even if only to figuratively throw a 'Hail Mary')—had the person known that the guilty plea would result in mandatory and dire immigration consequences." (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871, italics omitted.) Whether a petitioner or moving party has made a prima facie showing of entitlement to relief is a question of law, which we

may resolve independently. (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 977-978; *People v. Bonilla* (2007) 41 Cal.4th 313, 341-342.)

Here, for the reasons already explained above, we conclude defendant did not make a prima facie showing of entitlement to relief. During the plea hearing, at counsel's request and with the assistance of a Spanish interpreter, the trial court specifically advised defendant that he would be deported as a result of his guilty plea. Defendant also signed a statement in the plea form that he will be deported as a consequence of his plea. Defendant was not advised that he "may" be deported, but that he "will" be deported. Thus, defendant did not properly allege some error—namely, his attorney did not advise him of the immigration consequences of his plea or that the advisement of the immigration consequences was equivocal.

Defendant initialed the statements in his plea form that no one had made any threats to him or pressured him to plead guilty and that he had adequate time to discuss with his attorney his constitutional rights, the consequences of pleading guilty, and any defenses he may have to the charges against him. He signed the plea form, noting he had read and understood the entire plea form. In addition, the plea form was signed by his counsel, indicating counsel was satisfied that defendant understood his constitutional rights, his guilty plea, and the consequences of his guilty plea. The plea form was also signed by defendant's Spanish interpreter, noting the interpreter had translated the contents of the entire plea form in Spanish and that defendant had stated he "fully understood the contents of the form prior to signing." Because there was no error in

13

advising defendant of the immigration consequences of his plea and he was at all times assisted by a Spanish interpreter, defendant cannot show prejudice.

In both *Rodriguez* and *Fryhaat*, we remanded for the superior court to make a determination whether the defendant in those cases had set forth adequate factual allegations stating a prima facie case for entitlement to relief. (*Rodriguez*, *supra*, 38 Cal.App.5th at pp. 984-985; *Fryhaat*, *supra*, 35 Cal.App.5th at p. 984.) However, unlike in those cases, there is no need to remand in this case because defendant cannot show entitlement to relief.

## IV. DISPOSITION

The order denying defendant's motion to vacate his conviction pursuant to section 1473.7 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

14