Filed 4/15/21  P. v. Ayala CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MARIA AYALA, JR.,<br><br>    Defendant and Appellant. | E074910<br><br>(Super.Ct.No. RIF079501)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Reversed and remanded with directions.

Law Offices of Anthony J. Pullara and Anthony J. Pullara for Defendant and
Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H.
Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jose Maria Ayala, Jr., appeals from the trial court's order denying his Penal Code[1] section 1473.7 motion to vacate his guilty plea and conviction. He argues the trial court erred by denying the motion because when it denied the motion it improperly focused on the effectiveness of his counsel and failed to consider whether he meaningfully understood the adverse immigration consequences of his plea. He also asserts that this court should direct the trial court to grant his motion because he met his burden of proving prejudicial error that damaged his ability to meaningfully understand the adverse immigration consequences of his guilty plea. The People agree that the trial court erred in focusing on the effectiveness of his counsel but argue the matter should be remanded for the trial court to reconsider the motion. Because the trial court applied an improper standard, we agree with the parties that the trial court erred in denying defendant's motion and find the appropriate remedy in this case is to reverse the decision and remand for the superior court to reconsider the motion under the proper standard in the first instance.

## FACTUAL AND PROCEDURAL HISTORY

Defendant is a citizen of Guatemala. He entered the United States in 1992 with his parents when he was 14 years old. He became a lawful permanent resident in November 1992. Defendant taught himself English and completed high school. He was working two part-time jobs while attending college and lived with his family in the United States.

---

[1] All future statutory references are to the Penal Code.

2

On February 24, 1998, defendant, who was 19 years old at the time, and his girlfriend had an argument in the passenger compartment of defendant's truck. The truck was parked in front of defendant's girlfriend's home. During the altercation, defendant physically struck his girlfriend, and at one point, his girlfriend got out of the truck. Defendant then locked the truck's doors, preventing his girlfriend from getting back into the truck. Defendant's girlfriend walked around the truck, got into the truck's open bed, sat down, slapped the rear window, and yelled at defendant, " '[L]et's go.' " Defendant aggressively drove off, causing his girlfriend to fall out of the truck's bed. Defendant stopped the truck and attempted to help his girlfriend, but she passed away from a head injury.

On April 2, 1999, defendant pleaded guilty to voluntary manslaughter (§ 192, subd. (c)(1)). Among the terms and conditions of the plea agreement, defendant was promised that the maximum sentence would not exceed two years, and if there was a favorable recommendation by the probation department, the People would not oppose a grant of probation. In his change of plea form, in relevant part, defendant acknowledged, "If I am not a citizen of the United States, I understand that this conviction *may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The record does not contain the reporter's transcript of the April 2, 1999 change of plea hearing. In addition, although represented by an attorney during the plea hearing, no information exists in the record as

3

to the quality of that representation, including whether defendant's counsel had advised defendant of the adverse immigration consequences.

The probation department prepared a probation report on May 12, 1999. That report did not address potential immigration consequences to defendant. However, the probation report noted defendant's statement that he had moved to California from Guatemala seven years earlier with his parents when he was 14 years old and that he was "registered with Immigration and Naturalization Service and [was] not due to renew his papers until 2002." The probation report recommended denial of probation and imposition of a two-year prison term to be served at the California Youth Authority.

On July 16, 1999, the trial court denied probation and sentenced defendant to two years in state prison.

On July 6, 2000, the United States Department of Justice initiated immigration removal proceedings against defendant, citing defendant's conviction for an "aggravated felony." Defendant subsequently filed a section 1016.5 motion to withdraw his guilty plea based on ineffective assistance of counsel. He claimed that when he pleaded guilty, his attorney failed to advise him of the actual immigration consequences of his plea. The trial court denied the motion. The court reasoned that during the change of plea hearing, defendant acknowledged that he had discussed the change of plea form, which included potential immigration consequences, with his attorney, and defendant agreed that he had read and understood those consequences. The court further noted that defendant's

4

attorney had declared on the change of plea form that he was confident defendant understood the potential consequences of his change of plea.

Approximately 19 years later, on October 21, 2019, defendant filed a motion to vacate his guilty plea and conviction pursuant to section 1473.7. Defendant requested that the court vacate the two-year prison term, order a new probation report, and then resentence him. He asserted that a new probation report would permit the probation department an opportunity to address potential immigration consequences in its report so that the court could consider those consequences at sentencing.

In support of his motion, defendant filed his own supporting declaration, declaring that when he pleaded guilty, and when he was interviewed by the probation department for the probation report, and at sentencing, he did not understand that if the sentencing court chose against a grant of probation and ordered a prison term, his deportation would become mandatory. Defendant clarified in his motion that even if relief was not warranted under section 1016.5, because he had "received the standard immigration advisement" as required by law, he was still entitled to relief under section 1473.7 if he could demonstrate that he had suffered prejudice by way of his own ignorance or mistake. Defendant also declared that in the 20 years since his conviction, he had "focused on being a good father and family member, a productive member of [his] community, and [had] lived an honest and productive life." He had three children and a partner, who all lived in the United States, and worked full-time for his family's business.

5

Defendant's motion also included a declaration from defendant's immigration attorney, as well as a declaration from his former trial attorney. Defendant's immigration attorney, in pertinent part, averred that had defendant received probation and a sentence of less than one year, his conviction would not have been an aggravated felony and he would not have been deported. Defendant's trial attorney declared that his representation of defendant "concluded over 20 years ago," he no longer had his file or notes, and that he had "no specific recollection of the case" or the "details of any immigration advice" he would have given defendant.

The trial court heard the motion on February 21, 2020. Defendant's counsel argued that defendant had suffered prejudice by way of his complete misunderstanding, at the time of his change of plea and at the time of his sentencing, of the reality that he would be deported if sentenced to state prison. Defense counsel also asserted that the record showed the probation officer and the sentencing court were unaware of the serious immigration consequences faced by defendant should he receive a prison sentence. Specifically, the probation officer noted that defendant was a "lawful permanent resident" and that his residency was "good for another two years," but then recommended a prison sentence without notifying the sentencing court that acceptance of this recommendation would cause "mandatory deportation."

The prosecutor argued that the issue had "already been litigated" and that defendant had properly been advised of the immigration consequences of his plea at the time he pleaded guilty. The prosecutor also claimed that nothing in defendant's motion

6

demonstrated that the probation department or the sentencing court misunderstood the immigration consequences facing defendant and questioned if section 1473.7 even permitted the relief sought. The prosecutor specifically stated, "And I'm not even sure if this vehicle is the proper way to achieve this type of resentencing that he's seeking to achieve."

The trial court agreed with the prosecutor and denied defendant's section 1473.7 motion. Before denying the motion, the court noted that "this case has a history" regarding "advisement of the defendant[,]" and there had been "a challenge to the effectiveness of counsel and that challenge was denied." Following the court's denial, defense counsel asked to be heard. The court responded, "No. You've been heard. You briefed it. Both sides have been heard. The motion is denied." Defendant subsequently filed a timely notice of appeal.

## DISCUSSION

Defendant argues the trial court erred in denying his section 1473.7 motion to vacate his guilty plea and conviction because when it denied the motion it improperly focused on the effectiveness of his counsel and failed to consider whether he meaningfully understood the adverse immigration consequences of his plea. The People agree, and requests we reverse and remand the matter for the superior court to reconsider defendant's motion. Defendant, on the other hand, requests that we should direct the trial court to grant his motion because he had met his burden of proving prejudicial error that damaged his ability to meaningfully understand the adverse immigration consequences of

7

his guilty plea. He believes that a new hearing is not necessary, that we can make credibility determinations whether he demonstrated prejudicial error by a preponderance of the evidence, and that the People had the opportunity to supplement the record with the sentencing hearing transcript as well as any sentencing briefs.

A.     <u>STANDARD OF REVIEW</u>

The interpretation of a statute is a question of law subject to de novo review. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975-976.) Where a section 1473.7 motion "asserts statutory error or a deprivation of statutory rights," as opposed to a violation of the constitutional right to counsel, we review the order denying the motion for abuse of discretion. (*People v. Rodriguez* (2019) 38 Cal.App.5th 971, 977; see *People v. Patterson* (2017) 2 Cal.5th 885, 894 [order under section 1018 permitting withdrawal of guilty plea reviewed for abuse of discretion]; *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192 [order on motion to vacate conviction under section 1016.5 reviewed for abuse of discretion].)

"Accordingly, we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.) We do not reweigh the evidence. (*People v. Tapia* (2018) 26 Cal.App.5th 942, 951.) We also do not reassess witness credibility but defer to the trial court's credibility determinations. (*Id*. at pp. 951, 953; *People v. Harris* (2015) 234 Cal.App.4th 671, 695.)

8

B.    SECTION 1473.7

Former section 1473.7, subdivision (a)(1), which became effective on January 1, 2017, allowed "[a] person no longer imprisoned or restrained" to file a motion to vacate a conviction or sentence if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (Stats. 2016, ch. 739, § 1.) "Courts routinely interpreted the new statute to mean that in order to vacate a conviction, a person had to prove an ineffective assistance of counsel (IAC) claim under well-established standards. (*Strickland v. Washington* (1984) 466 U.S. 668 (*Strickland*).)" (*People v. Mejia* (2019) 36 Cal.App.5th 859, 861 (*Mejia*); *People v. Camacho* (2019) 32 Cal.App.5th 998, 1005 (*Camacho*).)

The Legislature, however, amended the statute, effective January 1, 2019, "to provide clarification to the courts regarding Section 1473.7 of the Penal Code to ensure uniformity throughout the state and efficiency in the statute's implementation." (Stats. 2018, ch. 825, § 1, subd. (b); *Camacho*, *supra*, 32 Cal.App.5th at p. 1007; *Mejia*, *supra*, 36 Cal.App.5th at p. 869.) Of significance here, a sentence was added to subdivision (a)(1) stating, "[a] finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (Stats. 2018, ch. 525, § 2; *Mejia*, at pp. 862, 869; *Camacho*, at p. 1006; see *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133.) A new subdivision, (e)(4), directed, "When ruling on a motion under paragraph (1) of

9

subdivision (a), the only finding that the court is required to make is whether the conviction is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (Stats. 2018, ch. 825, § 2, subd. (e)(4).)

Under the amended section 1473.7, a defendant is no longer required to prove an ineffective assistance of counsel claim in order to obtain relief. (*Mejia*, *supra*, 36 Cal.App.5th at p. 871; *Camacho*, *supra*, 32 Cal.App.5th at p. 1008.) Thus, a defendant no longer must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. (*Camacho*, at p. 1008.) This means too that courts are not limited to the standard for prejudice used in ineffective assistance of counsel claims—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v. Washington* (1984) 466 U.S. 668, 694)—when ruling on motions brought under section 1473.7. (*Camacho*, at p. 1009.)

"Rather, a superior court is required to make a finding of legal invalidity if the defendant simply proves by a preponderance of the evidence a 'prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere.' (§ 1473.7, subd. (a)(1).)" (*Mejia*, *supra*, 36 Cal.App.5th at p. 871, italics omitted.) "[T]he focus of the inquiry in a section 1473.7 motion is on the

'defendant's own error in . . . not knowing that his plea would subject him to mandatory deportation and permanent exclusion from the United States.' [Citation.]" (*Mejia*, at p. 871, italics omitted, quoting *Camacho*, *supra*, 32 Cal.App.5th at p. 1009.)

With respect to prejudice, "a 'prejudicial error' occurs under section 1473.7 when there is a reasonable probability that the person would not have pleaded guilty—and would have risked going to trial (even if only to figuratively throw a ' "Hail Mary" ')— had the person known that the guilty plea would result in mandatory and dire immigration consequences. (*Lee* [*v. United States* (2017) __ ]U.S. __, [137 S.Ct. 1958, 1967], ['Lee has adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation'].)" (*Mejia*, *supra*, 36 Cal.App.5th at p. 871, italics omitted; *Camacho*, *supra*, 32 Cal.App.5th at pp. 1010-1011.).) " '[C]ommon sense . . . recognizes that there is more to consider than simply the likelihood of success at trial. The decision whether to plead guilty also involves assessing the respective consequences of a conviction after trial and by plea. [Citation.] When those consequences are, from the defendant's perspective, similarly dire, even the smallest chance of success at trial may look attractive.' (*Lee v. United States*, *supra*, [__] U.S. __, [137 S.Ct. at p. 1966].)" (*Mejia*, at p. 872; *Camacho*, at pp. 1010-1011.)

As *Camacho* discussed, our Supreme Court has found that " ' "[c]riminal convictions may have 'dire consequences' under federal immigration law [citation] and that such consequences are 'material matters' [citation] for noncitizen defendants faced with pleading decisions." [Citation.] "[A] deported alien who cannot return 'loses his

job, his friends, his home, and maybe even his children, who must choose between their [parent] and their native country . . . .' " [Citation.] Indeed, a defendant "may view immigration consequences as the only ones that could affect his calculations regarding the advisability of pleading guilty to criminal charges" [citation], such as when the defendant has family residing legally in the United States. "Thus, even before the Legislature expressly recognized [in section 1016.5, subdivision (d)] the unfairness inherent in holding noncitizens to pleas they entered without knowing the consequent immigration risks [citation], we held that justice may require permitting one who pleads guilty 'without knowledge of or reason to suspect [immigration] consequences' to withdraw the plea." [Citation.]' " (*Camacho*, *supra*, 32 Cal.App.5th at p. 1010, quoting *People v. Martinez* (2013) 57 Cal.4th 555, 563.)

C. ANALYSIS

The record here demonstrates that the trial court erroneously interpreted section 1473.7, as many courts did prior to its amendment in January 2019, as requiring defendant to show that when he pleaded guilty in 1999, his counsel's performance, when advising him as to immigration consequences, fell below an objective standard of reasonableness. The prosecutor incorrectly pointed the trial court to the issue of defendant's trial counsel's effective assistance, stating the issue had "already been litigated" 20 years earlier. The trial court agreed, noting "there was a challenge to the effectiveness of counsel and that challenge was denied," and denied defendant's section 1473.7 motion. Although defendant's immigration counsel had correctly framed

12

the issue in the moving papers and at the hearing by pointing to the amendment to section 1473.7, the trial court did not address that issue.

The parties agree that the trial court erred by focusing on the effective assistance of counsel at the hearing on defendant's section 1473.7 motion. We agree that despite defendant's immigration attorney noting the amendment to section 1473.7, the court's explanation of its denial of the motion reflects its focus on the trial attorney's conduct and influence of ineffective assistance of counsel standards. However, the parties disagree as to the appropriate remedy in this case. In response to defendant's argument that his section 1473.7 motion should have been granted based on his declarations, the People argue the matter should be remanded for the trial court to reconsider the motion in light of the analysis of the *Camacho* court. We agree that remanding the matter to reconsider defendant's section 1473.7 motion is the appropriate disposition in this case.

In contrast to the trial court's focus on the trial attorney's conduct, *Camacho* and *Mejia* direct focus on " 'defendant's own error in . . . not knowing that his plea would subject him to mandatory deportation and permanent exclusion from the United States.' [Citation.]" (*Mejia*, *supra*, 36 Cal.App.5th at p. 871, italics omitted, citing *Camacho*, *supra*, 32 Cal.App.5th at p. 1009.) Contrary to defendant's contentions, the trial court should have the opportunity to reassess the motion in accordance with the guidance of the *Camacho* and *Mejia* courts as to the amended section 1473.7.

13

## DISPOSITION

The order denying the section 1473.7 motion is vacated and the matter remanded

for reconsideration in light of *Camacho* and *Mejia*.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
              J.

We concur:


McKINSTER
        Acting P. J.


FIELDS
        J.