Filed 6/27/22  P. v. Morales CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313206 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA098884) |
| v. | |
| JOHNNY MEJIA MORALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Reversed and remanded with instructions.

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Johnny Mejia Morales[1] appeals the trial court's order denying his motion to vacate his no contest plea pursuant to Penal Code section 1473.7, subdivision (a)(1).[2] Morales argues the trial court erred in denying his motion without conducting a proper hearing in which he was represented by appointed counsel. We reverse and remand the matter for the trial court to appoint counsel if an indigency showing is made and conduct a hearing on the merits pursuant to section 1473.7.

## FACTUAL AND PROCEDURAL HISTORY

On July 14, 2014, Morales, who was represented by counsel Joseph T. Gibbons, pleaded no contest to possessing for sale a controlled substance (Health & Saf. Code, § 11351) and possessing for sale a designated controlled substance (Health & Saf. Code, § 11375, subd. (b)(1)). The probation officer's report stated that Morales was a citizen. Before accepting the plea, the trial court stated, "If you are not a citizen, this conviction will result in deportation, denial of naturalization, denial of the right

---

[1] We used appellant's name as spelled in the information and judgment, but the record reflects other possible spellings or aliases. The trial court should ensure, on remand, that the file correctly spells appellant's name and lists any appropriate aliases, if necessary.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

to come back into the county. ¶ Are you, in fact a U.S. citizen?"[3] Morales responded, "Yes, your honor." The trial court sentenced him to seven years in prison.

On April 5, 2021, Morales in propria persona filed a motion to vacate his conviction pursuant to section 1473.7, subdivision (a)(1). He requested that the court hold a hearing in his absence because he was in federal immigration detention in Adelanto, California. Morales attached a statement alleging the court and his counsel failed to advise him of the immigration consequences of his plea, and that he would have pleaded differently had he understood the possible adverse immigration consequences, including deportation. Morales further alleged the court and his counsel mislead him by stating his prior conviction for voluntary manslaughter was a strike conviction, which caused him to accept a legally invalid plea deal. Morales included a letter from the Ventura County District Attorney that stated his prior conviction does not constitute a strike. Morales is now facing deportation and loss of his legal permanent resident status.

On April 23, 2021, the trial court held a hearing on Morales's section 1473.7 motion. Morales was not present, but plea counsel purported to represent him.[4] The trial court stated,

_____

[3] The trial court erred when it asked Morales in open court about his immigration status. (§ 1016.5, subd. (d) ["It is . . . the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court"]; see former Evid. Code, § 351.4 ["In a criminal action, evidence of a person's immigration status shall not be disclosed in open court"].)

[4] Under "appearances", the transcript states Morales was not present but was "with counsel, Marc Gibbons." However,

3

"I received his motion which he filed pro per and I've reviewed it and he was specifically asked at the time of his sentencing after being given the complete admonition . . . 'Are you, in fact, a U.S. citizen?' ¶ And [Morales] answered 'Yes.' ¶ On that basis the motion is denied."  Mr. Gibbons provided no argument on Morales's behalf.

On May 21, 2021, Morales filed a motion for reconsideration.  His declaration claimed he did not meaningfully understand the immigration consequences when he entered his plea.  After receiving his legal permanent resident status, he "always thought [he] had to do no more" because he believed "PERMANENT" meant his status was indefinite.  His counsel, Mr. Gibbons, never recommended he speak to an immigration attorney, mentioned the words "aggravated felony", or informed him the plea would result in deportation with a bar to reentry.  Had he known the immigration consequences, he would have asked Mr. Gibbons to negotiate a different deal or insisted on going to trial.  The trial court denied the motion for reconsideration.

Morales timely appealed.

## DISCUSSION

*Standard of Review*

On appeal, an independent standard of review applies for all claims made under section 1473.7, subdivision (a)(1).  (*People v. Vivar* (2021) 11 Cal.5th 510, 526, fn. 4 (*Vivar*).)  "In section

counsel identified himself as "Joseph Gibbons for Mr. Morales". The name "Marc" appears to be an error.

4

1473.7 proceedings, appellate courts should [] give particular deference to factual findings based on a trial court's personal observations of witnesses." (*Id*. at pp. 527–528.) However, where the facts derive entirely from written declarations and other documents, "it is for the appellate court to decide, based on its independent judgment, whether the facts establish prejudice under section 1473.7." (*Id*. at p. 528.)

*Right to Hearing*

On appeal, Morales argues the trial court erred in denying his motion without conducting a hearing where he was represented by appointed counsel.[5] He asks that we reverse and remand with instructions that the trial court conduct a full evidentiary hearing. The Attorney General agrees that a remand for a hearing on the merits is required. We agree with the parties.

Section 1473.7, subdivision (a), provides in relevant part: "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence . . . [¶] [if] the conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse

---

[5] Morales also contends he has established by a preponderance of the evidence that he did not meaningfully understand the immigration consequences of his plea because his counsel failed to advise him of such consequences and rendered ineffective assistance of counsel. In light of our disposition, we do not reach this contention.

immigration consequences of a conviction or sentence. . . ."[6] Section 1473.7, subdivision (d), states: "All motions shall be entitled to a hearing.  Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. . . ."  When a court finds good cause for the movant's absence, the court may hold the hearing if the movant's counsel is present.  (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977, 979 (*Fryhaat*).)  Thus, a hearing pursuant to section 1473.7 requires (1) the movant's presence, or (2) good cause for the movant's absence and the presence of movant's counsel.  (*Id.* at p. 977.)

Failure to hold a section 1473.7 hearing is not prejudicial per se (*Fryhaat, supra,* 35 Cal.App.5th at p. 984) and "remand is not appropriate when it would be an idle act" (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 409).  However, the "matter must be remanded for [a] hearing on the motion if the appellate record does not allow the reviewing court to determine as a matter of law that the motion lacked merit or to decide the trial court would have properly exercised its discretion to deny the motion."  (*Fryhaat,* at p. 984, citing to *People v. Braxton* (2004) 34 Cal.4th 798, 818–820.)

At the section 1473.7 hearing, there was good cause for Morales's absence.  Mr. Gibbons purported to appear on Morales's

---

[6] When Morales moved to vacate his plea, section 1473.7, subdivision (a), provided that a motion could be filed if a prejudicial error damaged the person's "ability to meaningfully understand . . . the . . . adverse immigration consequences of *a plea of guilty or nolo contendere.*"  (Italics added.)  The statute's amendment has no impact on Morales's case.

behalf, but there is no indication that Morales retained him, or had any opportunity to consult with him in connection with the hearing. Moreover, given the allegations in Morales's petition, contending that Mr. Gibbons had provided ineffective assistance when advising about immigration consequences at the time of the plea, Mr. Gibbons could not adequately represent Morales due to his adverse interests. (See *Fryhaat, supra,* 35 Cal.App.5th at p. 977 [counsel with a conflict of interest did not adequately represent defendant in a section 1473.7 hearing].) "Because neither [Morales] nor an attorney on his behalf was present, the trial court did not satisfy the requirements of section 1473.7, subdivision (d)" and thus Morales did not receive the hearing he was entitled to. (*Id.* at p. 978.) In *Fryhaat,* although the record contained a plea agreement that indicated the defendant was advised of the immigration consequences of his plea, the court remanded the matter because the "meager record" did not contain a declaration from plea counsel indicating he had advised the defendant of the immigration consequences. (*Id.* at p. 983.) Here, the record contains neither a plea agreement signed by Morales nor a declaration from Gibbons indicating he advised Morales of the plea's immigration consequences. "[W]e cannot assume [Morales] was in fact advised of the immigration consequences by his [plea] counsel without an adequate record." (*Id.* at p. 982.) Therefore, we remand the matter to the trial court for a hearing on the merits consistent with the provisions of section 1473.7.

7

*Right to Appointed Counsel*

Morales argues we should instruct the trial court to appoint counsel on remand. The Attorney General acknowledges Morales "appears to have made a prima facie case for entitlement for relief under [] section 1473.7" and contends the matter should be remanded with instructions that the trial court consider whether appointing counsel is appropriate.

Although not explicitly stated in section 1473.7, subdivision (d), due process requires the appointment of counsel for a moving party who (1) is indigent, (2) in federal immigration custody, and (3) has established a prima facie case of entitlement to relief under the statute. (*People v. Rodriguez* (2019) 38 Cal.App.5th 971, 981–984, abrogated on other grounds by V*ivar, supra,* 11 Cal.5th 510; *Fryhaat, supra,* 35 Cal.App.5th at p. 981.) A prima facie case is established if a court finds the factual allegations, taken as true, entitle the moving party to relief. (See *People v. Duvall* (1995) 9 Cal.4th 464, 475.) A person moving under section 1473.7, subdivision (a), is required to show that "one or more of the established errors were prejudicial" and damaged the person's "'ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of [the conviction].'" (*People v. Camacho* (2019) 32 Cal.App.5th 998, 1009.) Prejudicial error exists when there is a reasonable probability the person would not have pleaded guilty and instead risked going to trial if the person had known of the guilty plea's mandatory and dire immigration consequences. (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871.) Thus, to establish a prima facie case under section 1473.7, a moving party must allege (1) an error damaged his ability to meaningfully

8

understand, defend against, or knowingly accept the actual or potential adverse immigration consequence of the conviction; and (2) he would not have entered the plea had he known it would have rendered him deportable. (*People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133.)

Morales made a prima facie case of entitlement to relief. Morales alleged his conviction is legally invalid due to prejudicial error—his counsel's failure to advise him of the plea's immigration consequences. He also claimed that the error damaged his ability to meaningfully understand the consequences of his plea, and that he would not have agreed to the plea agreement had he known of the immigration consequences. Because Morales is in federal immigration custody, the second prong for appointment of counsel is also established. If Morales, on remand, establishes he is indigent, due process requires that he be appointed counsel.

## DISPOSITION

The order denying Morales's section 1473.7 motion to vacate his no contest plea is reversed.  The matter is remanded for the trial court to appoint counsel if Morales makes the required indigency showing and to conduct a hearing on the merits pursuant to section 1473.7.


MOOR, J.

We concur:


RUBIN, P. J.


BAKER, J.